IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 05-53 |
| | ) | |
| AHMED OMAR ABU ALI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Ahmed Omar Abu
Ali's ("Defendant," "Mr. Abu Ali") Motion to Transfer Venue from
the Eastern District of Virginia to the District of Columbia
(Docket No. 79).  Mr. Abu Ali is charged with Conspiracy to
Provide Material Support and Resources to Designated Foreign
Terrorist Organization (Al-Qaeda) in violation of 18 U.S.C. §
2339B; Providing Material Support and Resources to Designated
Foreign Terrorist Organization (Al-Qaeda) in violation of 18
U.S.C. § 2339B; Conspiracy to Provide Material Support to
Terrorists in violation of 18 U.S.C. § 2339A; Providing Material
Support to Terrorists in violation of 18 U.S.C. § 2339A;
Contribution of Services to Al-Qaeda in violation of 50 U.S.C. §
1705(b) and 31 C.F.R. § 595.204; and Receipt of Funds and
Services from Al-Qaeda in violation of 50 U.S.C. §  1705(b) and
31 C.F.R. § 595.204.  The issue before the Court is whether to
transfer venue from the District Court for the Eastern District
of Virginia to the District Court for the District of Columbia

because Mr. Abu Ali will not receive a fair trial in the Eastern District of Virginia.  The Court denies Defendant's motion to transfer venue because the government has established that venue is proper under 18 U.S.C. § 3238, and because Defendant has not established "so great a prejudice against the defendant...that the defendant cannot obtain a fair and impartial trial" in the Eastern District of Virginia.  *See* FED. R. CRIM. P. 21(a).

## I.  BACKGROUND

Mr. Abu Ali raises several arguments for why this Court should transfer venue out of the Eastern District of Virginia and to the District of Columbia.  First, he asserts that Mr. Abu Ali cannot be assured a fair trial in this district because the jury pool and the Court are biased since many terrorism cases have been brought in this district rendering potential jurors biased against people of Middle Eastern descent, many residents of this district work for national security employers such as the military or the Department of Homeland Security, and many residents of this district were directly affected by the September 11, 2001 attack on the Pentagon.  Second, he argues that significant aspects of this case were litigated in the District of Columbia where Mr. Abu Ali's parents filed a habeas corpus petition, and therefore, the Court should transfer this case back to the District of Columbia because it "will suffer no inconvenience" in doing so.  Mot. Transfer Venue at 8.

The government, on the other hand, argues that Defendant's

motion is without merit and should be denied.  First, the
government argues that under 18 U.S.C. § 3238, the venue statute
for offenses occurring outside the territorial United States,
venue is proper in the Eastern District of Virginia because Mr.
Abu Ali was flown into the Eastern District of Virginia from
Saudi Arabia and because Mr. Abu Ali's last known residence in
the United States was Falls Church, Virginia, in this judicial
district.  Gov't's Omnibus Response Def.'s Non-Dispositive
Pretrial Mots. (hereinafter "Gov't's Response") at 29-30. Second,
the government argues that Mr. Abu Ali fails to establish that he
cannot receive a fair and impartial trial in this judicial
district.

## II. DISCUSSION

### A. Standard of Review

A court may transfer venue to another judicial district "if
the court is satisfied that so great a prejudice against the
defendant exists in the transferring district that the defendant
cannot obtain a fair and impartial trial there."  FED. R. CRIM. P.
21(a).  A defendant may also request a transfer to another
district "for the convenience of the parties and witnesses and in
the interest of justice."  FED. R. CRIM. P. 21(b).  If a defendant
challenges venue, the government must prove by a preponderance of
the evidence that venue is proper.  *United States v. Robinson*,
275 F.3d 371, 378 (4th Cir. 2001).

3

If, in support of a motion for change of venue, a defendant argues that he or she is prejudiced by pretrial publicity, and as a consequence, a biased jury pool, a court must engage in the two-step analysis detailed in *United States v. Bakker*, 925 F.2d 728 (4th Cir. 1991).  *See United States v. Bailey*, 112 F.3d 758, 769 (4th Cir. 1997) (citing *Bakker*, 925 F.2d at 732).  A court should consider "first... whether pretrial publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted and, if that be not true, then the second step is to conduct a *voir dire* examination of prospective jurors to determine if actual prejudice exists."  *Id.* (citing *Bakker*, 925 F.2d at 732).

## B. Analysis

*Venue is Proper Under 18 U.S.C. § 3238*

The government has met the initial burden of proving that venue is proper in the Eastern District of Virginia by statute. 18 U.S.C. § 3238 states that venue is proper for all offenses begun or committed outside the jurisdiction of any state or district "in the district in which the offender...is arrested or is first brought."  *Id.*  The indictment alleges that the crimes that Mr. Abu Ali committed took place in the Kingdom of Saudi Arabia, and not in any state or judicial district of the United States.  Mr. Abu Ali was first brought to the United States to the Eastern District of Virginia.  Consequently, the government

properly alleges venue under 18 U.S.C. § 3238.

*Whether Denying Mr. Abu Ali's Motion to Transfer Venue Would Deny Him a Fair and Impartial Trial*

The Court denies Mr. Abu Ali's motion to transfer venue because he has not established the existence of "so great a prejudice" against him such that he cannot obtain a fair and impartial trial in the Eastern District of Virginia. *See* FED. R. CRIM. P. 21(a).  Mr. Abu Ali's argument that he cannot receive a fair trial because the jury pool is biased since many terrorism cases have been brought in this district, many residents of the district work for national security employers and many residents of this district were directly affected by September 11, 2001, is inapposite.  While it is true that terrorism cases have been brought in this district, as the government points out in its brief, Mr. Abu Ali puts forth no evidence to establish that the jury pool is inherently biased against people of Middle Eastern descent as a result.  In fact, the jury pool in the Eastern District of Virginia often includes people of Middle Eastern descent.  Mr. Abu Ali's argument that the judicial district is inherently biased because it contains many national security and government employees is also without merit.  Although many residents in the Eastern District of Virginia do work in national security, in the Court's experience, most of the jury pool does not.  Further, mere employment by the government does not mean a

5

juror is biased. *See United States v. Wood*, 299 U.S. 123, 148-51 (1936) ("Why should it be assumed that a juror merely because of employment by the government, would be biased against the accused?"). Finally, the defendant's argument that the residents of the Eastern District of Virginia are somehow more affected by the events of September 11, 2001, than the residents of the District of Columbia is disingenuous. The entire metropolitan area was impacted by the attack on the Pentagon, not to mention harried evacuations that took place at the White House, the Capitol and other federal buildings in the District of Columbia. Holding this trial in the District of Columbia would afford no less biased a jury to Mr. Abu Ali. Finally, the Court rejects Mr. Abu Ali's argument that it should transfer this case to the District of Columbia because of pending *habeas corpus* litigation and Judge Bates's familiarity with the facts of this case. This Court is hearing a criminal case, while Judge Bates heard a civil matter. Furthermore, this Court has itself begun to become quite familiar with the facts of this case.

## III. CONCLUSION

Because the government establishes a proper basis for venue in this Court pursuant to 18 U.S.C. § 3238, and the defendant raises no meritorious arguments to establish the existence of "so great a prejudice" against him such that he cannot obtain a fair and impartial trial in the Eastern District of Virginia, it is

hereby

ORDERED that Defendant's Motion to Transfer Venue is DENIED.

The Clerk is directed to forward a copy of this Order to

counsel of record.

ENTERED this __6th_____ day of September, 2005.


____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
9/6/05