IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 05-053 |
| | ) | |
| AHMED OMAR ABU ALI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Stay Pending Proceedings (Docket No. 369). This case concerns the conviction of Mr. Ahmed Omar Abu Ali under various statutes that preclude a citizen from rendering, or conspiring to render, assistance or support to a designated foreign terrorist organization or terrorist; and conspiracy to assassinate the President of the United States.[1] The issue before the Court is whether the government is required to provide a response to Defendant's requests regarding whether information obtained by

---

[1] The defendant, Mr. Abu Ali, was convicted of the following offenses: Conspiracy to Provide Material Support and Resources to a Designated Foreign Terrorist Organization (Al-Qaeda), 18 U.S.C. § 2339B (Count 1); Providing Material Support and Resources to a Designated Foreign Terrorist Organization (Al-Qaeda), 18 U.S.C. § 2339B (Count 2); Conspiracy to Provide Material Support to Terrorists, 18 U.S.C. § 2339A (Count 3); Providing Material Support to Terrorists, 18 U.S.C. § 2339A (Count 4); Contribution of Services to Al-Qaeda, 50 U.S.C. § 1705(b); 31 C.F.R. § 595.204 (Count 5); Receipt of Funds and Services from Al-Qaeda, 50 U.S.C. § 1705(b); 31 C.F.R. § 595.204 (Count 6); Conspiracy to Assassinate the President, 18 U.S.C. § 1751 (Count 7); Conspiracy to Commit Aircraft Piracy, 49 U.S.C. § 46502(a)(2) (Count 8); and Conspiracy to Destroy Aircraft, 18 U.S.C. § 32(b)(4) (Count 9).

the newly discovered presidentially approved warrantless interception of electronic communications ("PAWIEC")[2] was (1) used to obtain a warrant from the Foreign Intelligence Surveillance Act ("FISA") Court; or (2) used in obtaining evidence that was presented to the jury at trial.  The Court holds that the government must respond to Defendant's requests regarding whether information obtained by PAWIEC was (1) used to obtain a warrant from the FISA Court; or (2) was used in obtaining evidence that was presented to the jury at trial.

On February 1, 2006, Defendant made a formal request to the government concerning issues raised by PAWIEC.  Defendant's questions included whether any of the prosecutors were aware of PAWIEC during Mr. Abu Ali's trial, when law enforcement officials involved in the federal prosecution of Mr. Abu Ali learned about PAWIEC, and whether any government intercepts that have not been disclosed relate to Mr. Abu Ali.  (Def.'s Br. 4-5.)  The government responded that it "is reviewing the defendant's request for information regarding the NSA matter as expeditiously as possible." (Govt.'s Br., at 2.)  The government also offered that, "[i]n the event that [they are] obligated to provide additional information to the defendant or Court, [they would] do so without delay."  (*Id*.)

---

[2] The Court uses the term "electronic communications" as defined by 18 U.S.C. § 2510(12) and 18 U.S.C. 2701.

2

The Court held a teleconference on February 16, 2006, where it invited the government to tell the Court whether any information gathered from PAWIEC was used to obtain a warrant from the FISA Court or was used in obtaining evidence that was presented to the jury at trial. Mr. Laufman maintained that neither he, nor any of the prosecution team, was aware of any PAWIEC information used to obtain a warrant from the FISA Court or used in obtaining evidence that was presented to the jury at trial.

The Court does not challenge the veracity Mr. Laufman's statement and accepts it on its face. However, the Court notes that prosecutors in this case may not know that some intelligence agency or officials, with whom they have been closely working, sought FISA warrants that were the product of presidentially authorized warrantless interception of electronic communications. *See Electronic Privacy Information Center v. Department. of Justice*, Civ. No. 06-00096, 2 (D.D.C. February 16, 2006), http://www.dcd.uscourts.gov/opinions/2006/Kennedy/2006-CV-96~9:45:49~2-16-2006-a.pdf (citing a New York Times article stating that President George Bush "secretly authorized the National Security Agency to eavesdrop on Americans and others inside the United States to search for evidence of terrorist activity without court-approved warrants ordinarily required for domestic spying"). This makes it difficult for the Court to determine

3

whether any of Mr. Abu Ali's constitutional rights have been violated in this case.

Therefore, the Court orders that the government must file with the Court, by **March 9, 2006,** a Declaration under oath of someone with personal knowledge; the authority to speak on behalf of the government, its intelligence agencies and contractors; and who can definitively answer whether PAWIEC information was (1) used to obtain a warrant from the FISA Court or (2) used in obtaining evidence that was presented to the jury at trial.  If the declaration contains classified information, or is otherwise required to be filed ex parte, then the government must follow the procedures in place in this case regarding filing and access to classified information.

If the answer is that PAWIEC information was not used, then the Court will set a date certain for Mr. Abu Ali's sentencing hearing.  If the answer was that PAWIEC information was used, the government must identify, by **March 9, 2006,** what information was used, the nature and extent of that information, and what specific constitutional or statutory authority the government relied on in obtaining the information without a warrant.

Defendants are ordered to file a brief, based on the government's assertions, to suggest what action, if any, the Court should consider, by **March 23, 2006.**  The government's reply to Defendant's brief must be filed by **March 30, 2006.**  The Court

will hold, if necessary, a hearing on these issues on **April 6, 2006, at 10:00am.**

The Court emphasizes that no judgment has been made regarding whether the government has used evidence obtained by warrantless interception of electronic communications.  However, in view of the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Al-Timimi*, No. 05-4761 CR-04-385 (4th Cir. January 24, 2006), remanding a so-called terrorism case to the district court to conduct an evidentiary hearing on warrantless electronic surveillance issues, it is proper to make a record on this issue in this case prior to sentencing.

For the foregoing reasons, it is hereby

ORDERED that the government must file with the Court, by March 9, 2006, a Declaration under oath of someone with personal knowledge; the authority to speak on behalf of the government, its intelligence agencies and contractors; and who can definitively answer whether PAWIEC information was (1) used to obtain a warrant from the FISA Court; or (2) used in obtaining evidence that was presented to the jury at trial.  It is further

ORDERED that if the answer is that PAWIEC information was not used, then the Court will set a date certain for Mr. Abu Ali's sentencing hearing.  It is further

ORDERED that if PAWIEC information was used, the government must identify, by March 9, 2006, what information was used, the nature and extent of that information, and what specific constitutional or statutory authority the government relied on in obtaining the information without a warrant.  Defendants are ordered to file a brief, based on the government's assertions, to suggest what action, if any, the Court should consider, by March 23, 2006.  The government's reply to Defendant's brief must be filed by March 30, 2006.  The Court will hold, if necessary, a hearing on these issues on April 6, 2006, at 10:00am.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ___17th___ day of February, 2006.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
02/17/06