IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMED OMAR ABU-ALI ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Case No. 1:05-cr-53 (RDA) |
| v. ) | |
| ) | Civil Case No. 1:19-cv-1268 (RDA) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

This matter is before the Court on two motions: first, Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 475); and second, Petitioner's Motion for Discovery (Dkt. 484).

Essentially the Court must decide whether it may hear Petitioner's second § 2255 motion when the United States Court of Appeals for the Fourth Circuit has denied Petitioner's motion to file this successive § 2255 motion. In this regard, the Court denies Petitioner's motion because the Fourth Circuit has denied Petitioner's motion to file this second § 2255 motion.

The second issue is whether this Court should grant Petitioner's Motion for Discovery in his § 2255 matter. The Court denies this motion as moot.

### **I. BACKGROUND**

Following a jury trial, Petitioner Ahmed Omar Abu-Ali was convicted of nine offenses arising out of his affiliation with an al-Qaeda terrorist cell in Medina, Saudi Arabia, and its plans to commit terrorist acts in the United States on November 22, 2005. Dkt. 358. *United States v. Abu Ali*, 528 F.3d 210, 221 (4th Cir. 2008). Petitioner was convicted of (1) conspiracy to provide material support and resources to a designated foreign terrorist organization (Al-Qaeda); (2)

providing material support and resources to a designated foreign terrorist organization (Al-Qaeda); (3) conspiracy to provide material support and resources to terrorists; (4) providing material support and resources to terrorists; (5) contribution of services to Al-Qaeda; (6) receipt of funds and services from Al-Qaeda; (7) conspiracy to assassinate the President of the United States; (8) conspiracy to commit aircraft piracy; (9) conspiracy to destroy an aircraft. Dkt. Nos. 358, 397. On March 29, 2006, Abu-Ali was sentenced to a term of 30-years' imprisonment. Dkt. 397.

Petitioner appealed both the conviction and sentence, and the government filed a cross appeal challenging the sentence. Dkt. Nos. 394, 399. Petitioner raised the following issues on appeal:

1. Whether the District Court erred when it admitted Mr. Abu-Ali's confession, despite strong evidence that the confession was made under duress and despite the fact that the government failed to offer sufficient evidence of independent corroboration for the confession;

2. Whether the District Court denied Abu-Ali his Sixth Amendment rights to confrontation and effective assistance of counsel when it permitted Rule 15 depositions to occur while preventing the defendant from attending them or having meaningful access to counsel during the course of the depositions;

3. Whether Mr. Abu-Ali's statements should have been suppressed because they were taken in violation of federal law and his rights under the Fourth and Fifth Amendments, including his right to a prompt appearance before a neutral magistrate;

4. Whether the government's inappropriate remarks during summation, which included telling the jurors that they were all the potential victims of Mr. Abu-Ali, and lack of any curative instruction denied Abu-Ali a fair trial; and

5. Whether the District Court erred in finding that it did not have the power to address the Special Administrative Measures ("S.A.M.'s") imposed upon Mr. Abu-Ali, even though they amount an additional penalty which is the exclusive province of the court, and not the Bureau of Prisons ("B.O.P").

Dkt. 444, Ex. 2, 1-2. On June 6, 2008, the United States Court of Appeals Fourth Circuit affirmed Abu-Ali's conviction but remanded the case for resentencing. *See Abu Ali*, 528 F.3d at 210. On

remand, Petitioner was sentenced to life in prison. Dkt. 438. Petitioner appealed his sentence to the Fourth Circuit. Dkt. 436. On February 1, 2011, the Fourth Circuit affirmed Petitioner's life sentence. *United States v. Abu Ali*, 410 Fed. App'x 673 (4th Cir. 2011).

On April 27, 2012, Petitioner filed his first § 2255 motion challenging his sentence on the ground of ineffective assistance of counsel. Dkt. 444. This Court denied Petitioner's motion, holding that Petitioner did not meet his burden in demonstrating that appellate counsel was ineffective for failure to raise several issues on appeal. Dkt. Nos. 461, 462. The Court also held that Petitioner failed to sufficiently show that trial counsel was ineffective for his failure to preserve particular issues for appeal. Dkt. 461.

On October 2, 2019, Petitioner filed in this Court his second Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255. Dkt. 475. Petitioner simultaneously sought permission from the Fourth Circuit to file a successive § 2255 in this Court. Dkt. 480, Ex. A; Motion Under 28 U.S.C. § 2244 For Order Authorizing Dist. Court to Consider Second or Successive Application for Relief Under 28 U.S.C. § 2255, In re Abu Ali, No. 19-392 (4th Cir. filed Nov. 21, 2019), (ECF No. 2). On November 14, 2019, the Government filed its response to Petitioner's motion in this Court. Dkt. 480. The Government requested that this Court hold Petitioner's motion in abeyance until the Fourth Circuit determined whether this Court could hear Petitioner's successive § 2255 motion. Dkt. 480. On November 21, 2019, the Fourth Circuit denied Petitioner's request. In re Abu Ali, No. 19-392 (4th Cir. denied Nov. 21, 2019) (ECF No. 11). The day after the Fourth Circuit denied Petitioner's request, Petitioner filed with this Court a Motion for Discovery. Dkt. 484.

## II. DISCUSSION

### A. Standard of Review

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

Second or successive § 2255 motions require pre-filing authorization from the court of appeals before they may be considered by the district court. 28 U.S.C. § 2255(h); *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *In re Vassell*, 751 F.3d 267, 268-69 (4th Cir. 2014). Absent pre-filing authorization, a district court lacks jurisdiction to consider the claims. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

### B. Analysis

This Court must dismiss Petitioner's second § 2255 motion because the Fourth Circuit has denied Petitioner's motion to authorize this Court to consider a second or successive application for relief under 28 U.S.C. § 2255.

Successive petitions for federal habeas corpus review under § 2255 may not be filed in a district court without prior approval from an appropriate circuit court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244. In deciding whether to grant the motion for pre-filing authorization, a court of appeals considers whether the second or successive motion contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable . . . .

28 U.S.C. § 2255(h).

Because here, the Fourth Circuit has denied Petitioner's request to file his successive Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, this Court must dismiss Petitioner's motion before this Court with prejudice. Additionally, because this Court has denied Petitioner's motion, Petitioner's Motion for Discovery is now moot.

### III. CONCLUSION

For the foregoing reasons, this Court DENIES Petitioner's Motions. Dkt. Nos. 475, 484.

Accordingly, it is hereby ORDERED that Petitioner's Motion (Dkt. 475) is DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Petitioner's Motion for Discovery (Dkt. 484) is DENIED AS MOOT.

It is SO ORDERED.

Alexandria, Virginia
November 26, 2019

/s/
Rossie D. Alston, Jr.
United States District Judge