UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|   |   |   |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Case No. 05-cr-00053 (RDA) |
| | ) | |
| AHMED OMAR ABU ALI | ) | |
| | ) | |

### PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO RULE 59(e) OR, IN THE ALTERNATIVE, REQUEST FOR A CERTIFICATE OF APPEALABILITY

Petitioner Ahmed Omar Abu Ali, by and through his undersigned counsel, respectfully moves to alter or amend this Court's Order of November 26, 2019 (Dkt. 485) denying his Motion to Vacate Sentence under 28 U.S.C. § 2255 (Dkt. No. 475) and Motion for Discovery (Dkt. No. 484) pursuant to Fed. R. Civ. P. 59(e). Petitioner's simultaneous filing of his § 2255 motion in the district court, and a § 2244 request for authorization in the Fourth Circuit for a successive motion premised on the same new evidence and claims, may have obscured the difference of his district court petition—which he filed as an "original" § 2255 motion not requiring pre-filing authorization from the circuit court. While there was to be sure a question for the court to determine as to whether Petitioner's motion was in fact original or successive, that question was within the court's jurisdiction to decide. Instead, in its November 26 Order, the court appeared to assume that the § 2255 motion it was adjudicating was the same filing that required approval from the Fourth Circuit, and thus was squarely precluded by the circuit's order denying authorization for a successive motion, when in fact the § 2255 motion filed in the district court was an "original" petition. To the extent the court's judgment was based on an "error not of

reasoning but of apprehension"—that Petitioner had filed a successive motion in the district court while awaiting authorization from the circuit, instead of his original motion properly presenting a threshold question for the court to decide—reconsideration of the court's order under Rule 59(e) is appropriate and should be granted. *Bay v. Clarke*, 2017 WL 253971 *5 (E.D. Va. 2017) (quoting *Pfizer Inc. v. Teva Pharm. USA, Inc.*, 803 F. Supp. 2d 464, 466 (E.D. Va. 2011)). In support of this motion, Petitioner states the following:

## BACKGROUND

1. Petitioner is a 38-year-old American citizen serving a life without parole sentence after a conviction in the Eastern District of Virginia in 2006 for material support and related charges. The trial court originally sentenced Petitioner to imprisonment of 360 months as "just punishment" because Petitioner's "participation in the conspiracies was not extensive" and "no victim" was injured by his actions. *U.S. v. Abu Ali*, 2006 WL 1102835 *2, 3 (E.D.Va. April 17, 2006).

2. On October 2, 2019, Petitioner filed a Motion to Vacate Sentence Pursuant to § 2255 in this Court based on new evidence stemming from the Saudi government's cover-up of the torture and murder of Jamal Khashoggi. The motion alleged that the Khashoggi cover-up involved the same secret police agency that, in Petitioner's criminal trial, denied torturing him during his detention in Saudi Arabia and extracted a confession that later served as the basis for his prosecution and conviction in the United States. It argued that the new evidence revealed deliberate and material deception by Saudi authorities in Petitioner's prior proceedings, giving rise to three claims not raised by Petitioner in his prior proceedings: fraud on the court; and violations of Petitioner's due process rights under *Napue v. People of the State of Ill.*, 360 U.S. 264 (1959); and *Brady v. Maryland*, 373 U.S. 83 (1963).

3. Petitioner filed his motion as an "original" motion under § 2255(a), not requiring pre-filing authorization from the Fourth Circuit. Petitioner argued that even though his motion was second in time, it was not successive because it relied on facts that "did not exist when the numerically first motion was filed and adjudicated." Pet'r's Mot. at 13 (citing *United States v. Hairston*, 754 F.3d 258, 261 (4th Cir. 2014)).

4. On October 2, 2019, Petitioned simultaneously filed a separate motion under § 2244 in the Fourth Circuit requesting authorization to file a successive § 2255 motion—along with a motion to hold any review of that request in abeyance until after adjudication of Petitioner's § 2255 motion in the district court. Petitioner filed his § 2244 petition only as a safeguard, in the event his pending district court motion was found not to be original and pre-filing authorization for a successive motion became necessary. He filed on October 2, rather than waiting until after resolution of his district court motion, because of the one-year statute of limitations period and uncertainty under the law of this circuit about whether the district court would transfer his motion to the appeals court if was found to be successive. *See Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004).

5. The proposed motion Petitioner attached to his § 2244 petition in the Fourth Circuit, while premised on the same new evidence and claims as his district court § 2255 motion, differed from that motion, because while the district court motion argued that it was not successive, the circuit court filing admitted that the motion was a successive motion under § 2255(h)(1). Indeed, by statute, the motion filed with the Fourth Circuit was necessarily premised on being successive and requiring pre-filing authorization from the circuit court, whereas his then-pending motion in the district court was filed as an original motion, presenting the threshold question of whether it was original or successive for the district court to decide.

6. On November 21, 2019, the Fourth Circuit denied Petitioner's motion under § 2244 and motion for abeyance. No. 19-392 (ECF No. 2). The order was without opinion or reasoning.

7. On November 26, 2019, this Court dismissed Petitioner's § 2255 motion, apparently assuming that the motion was the same successive motion that required authorization and holding that dismissal was necessitated by the Fourth Circuit's order. The court also dismissed Petitioner's subsequently-filed motion for discovery as moot.

**ARGUMENT**

**A.   Petitioner's Motion is Timely and Properly Before the Court.**

8. Reconsideration of a final judgment pursuant to a motion under Rule 59(e) is appropriate in this circuit "to correct a clear error of law or prevent manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)). This includes situations where the court has "misunderstood a party … or has made an error not of reasoning but of apprehension." *Pfizer Inc. v. Teva Pharm. USA, Inc.*, 803 F. Supp. 2d 464, 466 (E.D. Va. 2011) (internal quotations and citations omitted). "Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Such motions must be brought "no later than 28 days after the entry of the judgment." F. R. Civ. P. 59(e).

9. In the § 2255 context in particular, a petitioner may permissibly challenge in a Rule 59(e) motion "perceived flaws in the habeas process itself, to include allegations that the district court committed a fundamental error of apprehension," as Petitioner does here. *See Bay v. Clarke*, 2017 WL 253971 *5 (E.D. Va. 2017). Such a motion is not a "successive" filing, but

within a district court's jurisdiction to decide. *See id.* Petitioner's motion is thus timely and properly before this Court.

**B.     Reconsideration of the Dismissal of Petitioner's § 2255 Motion Is Appropriate.**

10.     In its November 26, 2019 Order denying Petitioner's § 2255 motion, the court appeared to assume without deciding that Petitioner had filed a successive motion in the district court—the same proposed motion attached to his § 2244 motion—while his request for authorization was pending in the Fourth Circuit and, as such, that the circuit court's subsequent order denying authorization required dismissal of the motion. *See* Order at 1 (characterizing the question presented as "whether it may hear Petitioner's second § 2255 motion when the United States Court of Appeals for the Fourth Circuit has denied Petitioner's motion to file this second § 2255 motion"); *id.* (denying the motion "because the Fourth Circuit has denied Petitioner's motion to file this second § 2255 motion").

11.     But Petitioner filed his district court motion as an "original" § 2255 motion, not requiring pre-filing authorization from the court of appeals. The § 2244 motion he did file in the Fourth Circuit for authorization to file a successive motion—with a request for abeyance—was a separate action, meant only as a safeguard after adjudication of his district court motion, in the event a successive application became necessary.

12.     To the extent the court misapprehended Petitioner to have filed a successive § 2255 motion in the district court while awaiting authorization from the Fourth Circuit, and dismissed the motion because it believed it had no jurisdiction to decide it after the Fourth Circuit's order, reconsideration is appropriate.

13.     The Fourth Circuit's order otherwise has no bearing on this Court's jurisdiction to adjudicate Petitioner's motion, beginning with the threshold question of whether it is original or

5

successive. The circuit court's denial of authorization for successive motion addressed only the question of whether Petitioner had made a prima facie showing of the statutory requirements for a successive motion. *In re Vassell*, 751 F. 3d 267, 270-71 (4th Cir. 2014) ("[I]n considering a § 2255(h) request for authorization … [w]e are asked only to determine the preliminary question of whether he can pursue a successive § 2255 motion"). Indeed, when an applicant asks a court of appeals to authorize a successive § 2255 motion, "§ 2255(h) is [the court's] sole source of authority to do or say anything in the case;" any consideration of issues "beyond the § 2255(h) issues is irrelevant." *In re Chance*, 831 F.3d 1335, 1339 (11th Cir. 2016).

14. In the event of an "error of apprehension" by the district court here, reconsideration is also necessary to prevent "manifest injustice." *See EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997) (affirming district court's grant of Rule 59(e) motion, where the court found that its ruling was based on an erroneous understanding and would result in manifest injustice). Petitioner is serving a life without parole sentence. His motion presents credible new evidence giving rise to claims that his conviction and permanent imprisonment were obtained through egregious fraud on the court and violations of due process. He has made meritorious arguments that his motion, while numerically second, is not "successive" under the statute and may be adjudicated by the district court. *See* Pet'r's Mot. at 12 (quoting *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) ("It is axiomatic that 'not every numerically second petition is a second or successive petition within the meaning of the AEDPA.'")). Those arguments have not been opposed by the government in this Court, nor addressed by the court in its November 26 Order, nor are they affected by the Fourth Circuit's order, as explained above.

C. **In the Alternative, the Court Should Issue a Certificate of Appealability.**

15. A district court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Rule 11(a), Rules Governing Section 2254 and 2255 Proceedings. If this Court denies Petitioner's Rule 59(e) motion, it should issue a certificate of appealability both with respect to its decision on the Rule 59(e) motion and its order of November 26, 2019 denying Petitioner's § 2255 motion and motion for discovery.

16. A certificate of appealability should issue when an applicant has made a "substantial showing of the denial of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means only that "reasonable jurists could debate whether … the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *see also Buck v. Davis*, 137 S. Ct. 759, 773 (2017). When a district court denies relief on procedural grounds, the applicant must demonstrate both that the procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. This threshold inquiry is distinct from the underlying merits of petition, meaning that a court "should not decline [a COA] merely because it believes the applicant will not demonstrate an entitlement to relief." *Welch v. United States*, 136 S. Ct. 1257, 1263-64 (2016) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)).

17. For the reasons stated here and in Petitioner's § 2255 motion, it is at least debatable that the Fourth Circuit's order denying authorization for a successive motion should not have barred his § 2255 motion in the district court. Even in the absence of an error of apprehension by the court, Petitioner's arguments about the original nature of his motion merit further review on appeal. *See* Pet'r's Mot. at 12-13. The Supreme Court has recognized that the phrase "second or successive" is not "self-defining" and does not encompass all habeas corpus

petitions filed second in time. *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007); *see also In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) ("[N]ot every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA"). Consistent with the Supreme Court's reasoning in *Panetti*, the Fourth Circuit has held that a numerically second § 2255 motion should not be considered "second or successive" pursuant to § 2255(h) when the factual basis for the motion did not come into existence until after a prior motion was filed. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). Here, Petitioner's § 2255 motion relied on new facts that were not reported until after October 2, 2018, and plainly did not exist at the time his numerically first § 2255 motion was adjudicated, in 2014. Reasonable jurists could at least debate whether his motion was "second or successive" and should not have been dismissed by the district court for lack of jurisdiction.

18. Petitioner's substantive claims, which were not addressed by the district court, also warrant consideration on appeal. Petitioner alleges that he is presently serving a life without parole sentence for an unconstitutional conviction obtained through deliberate, egregious fraud by Saudi authorities at his trial. He alleges credible new evidence linking at least one of those agencies with the Saudi government's brazen scheme to deceive and obstruct outside criminal investigations into the torture and murder of Jamal Khashoggi. In his motion for discovery, he seeks facts, uniquely within the government's possession, that will permit him to prove his claims. His claims are supported and could not be more consequential for the integrity of the court or his life. They deserve at the very least to be considered further.

## CONCLUSION

For the foregoing reasons, the court should grant Petitioner's Rule 59(e) motion for reconsideration. In the alternative, it should issue a certificate of appealability with respect to its

8

decision on the Rule 59(e) motion and its November 26, 2019 order denying Petitioner's § 2255 motion and motion for discovery. If a certificate of appealability is denied, Petitioner's time to file any notice of appeal should run from the date of the court's order on this motion. *See United States v. Spears*, 738 F. App'x 222 (4th Cir. 2018) (timely Rule 59(e) motion tolls the time for filing a notice of appeal from district court order denying the petitioner's § 2255 motion)).

Dated: Alexandria, Virginia
       December 24, 2019

                              Respectfully submitted,

                              /s/ John Kenneth Zwerling
                              John Kenneth Zwerling (VA Bar #08201)
                              The Law Offices of John Kenneth Zwerling, P.C.
                              114 North Alfred Street Alexandria, Virginia 22314
                              Tel. 703-684-8000
                              jz@zwerling.com

                              Baher Azmy
                              Pardiss Kebriaei
                              CENTER FOR CONSTITUTIONAL RIGHTS
                              666 Broadway, 7th Floor
                              New York, NY 10012

# CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2019, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ John Kenneth Zwerling
John Kenneth Zwerling