IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AHMED OMAR ABU ALI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal No. 1:05-cr-00053 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Government's Opposition to Motion for Reconsideration

The Court should deny Ahmed Omar Abu Ali's motion for reconsideration.

Petitioner Ahmed Omar Abu Ali was convicted at trial in 2005 of providing material support to a designated terrorist organization, al-Qaeda, conspiring to assassinate the President of the United States, and other terrorism-related offenses. His convictions were upheld on direct appeal, *United States v. Abu Ali*, 528 F.3d 210 (4th Cir. 2008), *cert. denied*, 555 U.S. 1170 (2009), and his first motion under 28 U.S.C. § 2255 was denied. *Abu Ali v. United States*, 2013 WL 5797855 (E.D. Va. Oct. 28, 2013), *appeal dismissed*, 584 F. App'x 135 (4th Cir. 2014).

On October 2, 2019, Abu Ali filed, in this Court, a second motion under 28 U.S.C. § 2255. (ECF No. 475). Simultaneously, he filed a motion for authorization to file a successive application for post-conviction relief under 28 U.S.C. § 2244 in the Fourth Circuit. He also asked the Fourth Circuit to hold his just-filed motion in abeyance, pending this Court's resolution of his § 2255 motion. The Fourth Circuit ordered the government to respond, and on November 12, 2019, the government filed its opposition to Abu Ali's motion for authorization to file a successive § 2255 motion. On November 21, 2019, the Fourth Circuit denied Abu Ali's "motion under 28 U.S.C. §

1

2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255 and a motion for abeyance." *See* Order, *In re: Ahmed Omar Abu Ali*, 19-392 (4th Cir. Nov. 21, 2019), ECF No. 11.

Abu Ali responded to the Fourth Circuit's denial of his application to file a successive § 2255 by filing a motion for discovery in support of that very unauthorized petition. (ECF No. 484). On November 26, 2019, this Court denied Abu Ali's § 2255 motion and motion for discovery. (ECF No. 485). In so doing, this Court held that because "the Fourth Circuit has denied Petitioners request to file his successive Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, this Court must dismiss Petitioner's motion before this Court with prejudice." (ECF No. 485 at 5).

Abu Ali now contends that this Court erred in ruling as such, urging the Court to reconsider its prior judgment under Fed. R. Civ. P. 59(e). (ECF No. 486). In order to succeed on such a motion, Abu Ali must show "that there has been a clear error of law or a manifest injustice" in the Court's prior ruling. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). Because the Court faithfully applied Supreme Court and Circuit precedent, Abu Ali's motion for reconsideration fails to demonstrate any error of law – let alone one that is clear – or manifest injustice. His motion should therefore be denied.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal district court may consider a "second or successive" § 2255 motion only upon certification from the appropriate court of appeals that the motion meets certain criteria. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Specifically, a successive § 2255 motion must be

certified as provided in 28 U.S.C. § 2244 to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255(h); *see also United States v. Hodge*, 902 F.3d 420, 425-26 (4th Cir. 2018) ("Federal prisoners who seek relief in a second or successive § 2255 motion must show that their claim relies on either newly discovered evidence or a new rule of constitutional law."); *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014) ("Section 2255(h) requires a court of appeals considering whether to authorize a second or successive § 2255 motion to follow the gatekeeping procedure 'provided in section 2244.'").

As this Court correctly noted in denying Abu Ali's successive § 2255 motion, "[a]bsent pre-filing authorization, a district court lacks jurisdiction to consider the claims." (ECF No. 485 at 4) (citing *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)); *see also United States v. Elliott*, 785 F. App'x 201, 202 (4th Cir. 2019) ("In the absence of prefiling authorization from this court, the district court lacked jurisdiction to consider the motion.") (citing 28 U.S.C. §2244(b)(3)). Here, the Fourth Circuit denied Abu Ali authorization to file the instant successive petition. *See* Order, *In re: Ahmed Omar Abu Ali*, 19-392 (4th Cir. Nov. 21, 2019), ECF No. 11. "That failure deprived the District Court of jurisdiction to hear his claims." *Burton v. Stewart*, 549 U.S. 147, 149 (2007). This Court therefore properly denied Abu Ali's § 2255 motion and dismissed it with prejudice.

Moreover, because Abu Ali's § 2255 motion was itself unauthorized, his discovery motion in support of that very same motion was *void ab initio*. *Cf. United States v. Pollard*, 416 F.3d 48, 57 (D.C. Cir. 2005) (court lacked authority to order discovery where it lacked jurisdiction over

3

underlying claim). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." *See United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004).

"In AEDPA, Congress circumscribed the ability of federal prisoners to request post-conviction relief. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996) (AEDPA "codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners."). Through AEDPA, "Congress limited the jurisdiction of federal courts to hear second or successive requests under § 2255." *United States v. Surratt*, 797 F.3d 240, 246 (4th Cir. 2015). Abu Ali was not permitted to circumvent these restrictions through the filing of a motion for discovery based on an unauthorized petition. Since a court may consider a request for discovery only when it accompanies a motion that is properly before it (such as a properly authorized § 2255), the Court lacked jurisdiction to entertain Abu Ali's motion for discovery. In short, because the motion then-pending before the Court was an unauthorized successive § 2255, the Court was without authority to permit discovery in support thereof. The Court therefore properly denied Abu Ali's motion for discovery as moot.[1]

---

[1] Good cause" for discovery exists when a petition for habeas corpus establishes a prima facie case for relief. *Harris v. Nelson*, 394 U.S. 286, 290 (1969). To obtain authorization to conduct discovery, Abu Ali was obliged to "make [] a specific allegation that shows reason to believe that [he] may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998); *see also Bracy*, 520 U.S. at 908-09 (discovery is warranted

Finally, Abu Ali asks the Court to issue a certificate of appealability should it deny the instant request for reconsideration. In order to obtain a certificate of appealability, and because this Court's prior ruling rested on procedural grounds, Abu Ali would have to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Rose v. Lee*, 252 F.3d 676, 684-85 (4th Cir. 2001). Abu Ali cannot make this showing.

In support of his request, Abu Ali argues that "it is at least debatable that the Fourth Circuit's order denying authorization for a successive motion should not have barred his § 2255 motion in the district court." (ECF No. 486 at 7). Not so. Section 2255(h)'s gatekeeping requirement mandates that defendants seek authorization from the court of appeals to file successive petitions before the district court can entertain such motions. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Vassell*, 751 F.3d at 271; *see also Hodge*, 902 F.3d at 425-26. Here, Abu Ali sought such authorization from the Fourth Circuit, but his request was denied. Thus ends the story.

---

"where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.").

Abu Ali could not show that discovery would enable his pursuit of relief because he was not entitled to relief in the first place. *Accord United States v. Morris*, 917 F.3d 818, 826-27 (4th Cir. 2019) ("because Morris's ineffective assistance claim may be disposed of solely on the basis of that legal judgment, we reject Morris's argument that the district court abused its discretion by failing to hold an evidentiary hearing."); *United States v. Winbush*, 689 F. App'x 168, 169 (4th Cir. 2017) (district court did not err in declining to hold evidentiary hearing under § 2255(b) "because Winbush's claims of ineffective assistance of appellate counsel lack legal merit"). *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) ("Put simply, Stephens's discovery request is deficient because-although he has identified specific information sought-he has not demonstrated that such discovery would result in him being entitled to habeas relief."); *Hill v. Ozmint*, 339 F.3d 187, 201 (4th Cir. 2003) ("Hill has failed to make the required showing, however, in that he has failed to provide any plausible indication that the videotapes he seeks might demonstrate that he is entitled to relief under *Holbrook*.").

5

The Court lacked jurisdiction to hear Abu Ali' claims from the onset, *see In re Vassell*, 751 F.3d at 271; *Winestock*, 340 F.3d at 205, and undoubtedly did not possess jurisdiction once the Fourth Circuit denied Abu Ali's request. *Cf. Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007) ("Because a district judge lacks jurisdiction to rule on a successive such application without [the court of appeals'] permission, if he does so we must order his judgment vacated."). Indeed, the Fourth Circuit's denial was itself unreviewable, *see* 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."), and was therefore certainly not open to relitigation in the district court. Of course, it would make little sense for a district court to grant a certificate of appealability to a defendant who was only just denied the very permission he now re-seeks from the same court of appeals.

The Court should deny a certificate of appealability because reasonable jurists would not find debatable whether this Court's prior ruling was correct. *See Jones v. Braxton*, 392 F.3d 683, 689 (4th Cir. 2004) ("Jones has not shown that jurists of reason would find the district court's procedural ruling debatable. On the contrary, the district court's procedural ruling appears plainly correct, because Jones' petition was both clearly successive and clearly unauthorized. . . . Accordingly, we deny a certificate of appealability and dismiss Jones' appeal."); *see also United States v. Harper*, 545 F.3d 1230, 1234 (10th Cir. 2008) ("it then follows as a matter of course-as Mr. Harper's motion was indisputably successive and unauthorized by this court-that the district court had no jurisdiction to proceed. Reasonable jurists could not, therefore, debate the district court's decision to dismiss and we accordingly deny Mr. Harper's application for a COA.") (Gorsuch, J.).

For these reasons, the Court should deny Abu Ali's motion for reconsideration and decline to issue a certificate of appealability.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

/s/
Gordon D. Kromberg
Assistant United States Attorney
Joseph Attias
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Joseph.Attias@usdoj.gov

Certificate of Service

I certify that on January 06, 2020, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By: _____/s/_____
Joseph Attias
Special Assistant United States Attorney