IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AMED OMAR ABU-ALI | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Criminal Case No. 1:05-cr-53 (RDA) |
| v. | ) | |
| | ) | Civil Case No. 1:19-cv-1268 (RDA) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter comes before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) or, in the alternative, Request for a Certificate of Appealability ("Motion"). Dkt. 486. Considering Petitioner's Motion and the Government's ("Respondent") Opposition to Petitioner's Motion (Dkt. 487), it is hereby ORDERED that Petitioner's Motion is DENIED.

### I. BACKGROUND

Following a jury trial, on November 22, 2005, Petitioner was convicted of nine offenses arising out of his affiliation with an al-Qaeda terrorist cell in Medina, Saudi Arabia and its plans to commit terrorist acts in the United States. Dkt. 358; *United States v. Abu Ali*, 528 F.3d 210, 221 (4th Cir. 2008). Petitioner was convicted of (1) conspiracy to provide material support and resources to a designated foreign terrorist organization (Al-Qaeda); (2) providing material support and resources to a designated foreign terrorist organization (Al-Qaeda); (3) conspiracy to provide material support and resources to terrorists; (4) providing material support and resources to terrorists; (5) contribution of services to Al-Qaeda; (6) receipt of funds and services from Al-Qaeda; (7) conspiracy to assassinate the President of the United States; (8) conspiracy to commit aircraft piracy; and (9) conspiracy to destroy an aircraft. Dkt. Nos. 358, 397, and 497, ¶ 2. On

March 29, 2006, Petitioner was sentenced to a term of 30-years' imprisonment. Dkt. 396.

Petitioner appealed both the conviction and sentence, and Respondent filed a cross-appeal

challenging the sentence. Dkt. Nos. 394; 399. Petitioner raised the following issues on appeal:

1. Whether the District Court erred when it admitted Petitioner's confession, despite strong evidence that the confession was made under duress and despite the fact that Respondent failed to offer sufficient evidence of independent corroboration for the confession;

2. Whether the District Court denied Petitioner his Sixth Amendment rights to confrontation and effective assistance of counsel when it permitted Rule 15 depositions to occur while preventing the Petitioner from attending them or having meaningful access to counsel during the course of the depositions;

3. Whether Petitioner's statements should have been suppressed because they were taken in violation of federal law and his rights under the Fourth and Fifth Amendments, including his right to a prompt appearance before a neutral magistrate;

4. Whether Respondent's inappropriate remarks during summation, which included telling the jurors that they were all the potential victims of Petitioner, and lack of any curative instruction denied Petitioner a fair trial; and

5. Whether the District Court erred in finding that it did not have the power to address the Special Administrative Measures imposed upon Petitioner, even though they amount an additional penalty which is the exclusive province of the court, and not the Bureau of Prisons.

Dkt. 444, Ex. 2, 1-2. On June 6, 2008, the United States Court of Appeals Fourth Circuit affirmed

Petitioner's conviction but remanded the case for resentencing. *See Abu Ali*, 528 F.3d at 210. On

remand, Petitioner was sentenced to life in prison. Dkt. 435; 438. Petitioner appealed his sentence

to the Fourth Circuit. Dkt. 436. On February 1, 2011, the Fourth Circuit affirmed Petitioner's life

sentence. *United States v. Abu Ali*, 410 Fed. App'x 673 (4th Cir. 2011).

On April 27, 2012, Petitioner filed his first § 2255 motion ("First-Filed § 2255 Motion")

challenging his sentence on the ground of ineffective assistance of counsel with respect to both

trial and appellate counsel. Dkt. 444. This Court denied Petitioner's motion, holding that

Petitioner did not demonstrate that appellate counsel was ineffective for failure to raise issues on

appeal. Dkt. Nos. 461, 2; 462. This Court also held that Petitioner failed to demonstrate that trial counsel was ineffective for failure to preserve issues for appeal. Dkt. 461, 5.

On October 2, 2019, Petitioner filed in this Court another motion to vacate his sentence pursuant to 28 U.S.C. § 2255 ("Later-Filed § 2255 Motion"). Dkt. 475. Simultaneously, Petitioner sought permission from the Fourth Circuit, pursuant to 28 U.S.C. § 2244, to file a successive § 2255 in this Court. Dkt. 480, Ex. A; *In re Abu Ali*, No. 19-392 (4th Cir. filed Nov. 21, 2019) (Dkt. 2). Petitioner's Later-Filed § 2255 Motion and his request to the Fourth Circuit centered around the October 2, 2018, Jamal Khashoggi, a prominent journalist, who was killed in the Consulate of Kingdom of Saudi Arabia in Istanbul, Turkey. *See* Dkt. 475, ¶ 32; Dkt. 475 ¶ 10  (citing U.N. Human Rights Council, *Annex to the Report of the Special Rapporteur on extrajudicial, summary or arbitrary executions: Investigation into the unlawful death of Mr. Jamal Khashoggi*, U.N. DOC. A/HRC/41/CRP.1, ¶¶ 24, 89-98, 230 (June 19, 2019)) [hereinafter "U.N. Investigation"].  In the days and weeks following Khashoggi's death, members of the Mabahith, a Saudi secret police agency, were involved in the investigation into the killing. *Id.* at ¶ 119, 146-154. Khashoggi's death drew great public interest, criticism of Saudi authorities from the international community and the media, and questions as to the general reliability of statements made by Saudi authorities. *Id.* at ¶¶ 155-168.

Petitioner's Later-Filed § 2255 Motion and his § 2244 request to the Fourth Circuit primarily argued that in light of the death of Jamal Khashoggi, evidence obtained from Mabahith officials, the statements of whom Petitioner alleges "was crucial to the U.S. government's efforts to prove that his confession was voluntary[,]" should be discredited. Dkt. 475, ¶ 32.

On November 21, 2019, the Fourth Circuit denied Petitioner's § 2244 request. *In re Abu Ali*, No. 19-392 (4th Cir. denied Nov. 21, 2019) (Dkt. 11).  On November 26, 2019, this Court

ordered that Petitioner's Later-Filed § 2255 Motion be dismissed ("November 26, 2019 Order").
Dkt. 485, 5.

On December 24, 2019, Petitioner filed the Motion presently before the Court. Dkt. 486.
On January 6, 2020, Respondent opposed Petitioner's Motion. Dkt. 487. On January 13, 2020,
Petitioner filed a reply. Dkt. 488.

## II. DISCUSSION

Petitioner's Motion makes two requests of this Court.

First, Petitioner urges this Court, pursuant to Federal Rule of Civil Procedure 59(e), to
reconsider the Court's November 26, 2019 Order, which dismissed with prejudice Petitioner's
Later-Filed § 2255 Motion. Dkt. 486.

Second, Petitioner requests that this Court issue a certificate of appealability for both his
pending Motion and his Later-Filed § 2255 Motion. Dkt. 486.

### A. Rule 59(e)

Rule 59(e) permits a party to move a court to alter or amend a judgment and a court may
grant such a motion at its discretion. *Harrison v. Watts*, 609 F. Supp. 2d 561, 568 (E.D. Va. 2009).
However, Rule 59(e) may not be used to reargue matters already resolved. *Id.* A court may grant
a Rule 59(e) motion when "there has been a clear error of law or a manifest injustice." *Robinson
v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (internal citation omitted).

Petitioner argues that this Court mistakenly assumed that the Court did not have the
authority to decide "the threshold question of whether [Petitioner's Later-Filed § 2255 Motion]
was original or successive." Dkt. 486, 3. Petitioner concedes that if his Later-Filled § 2255 Motion
was, in fact, successive, review in this Court would require prior approval from the Fourth Circuit.
Dkt. 488, 1-2. However, Petitioner maintains that if this Court decided that his Later-Filed § 2255

4

Motion was not successive, this Court would be free to rule on that motion without approval from the Fourth Circuit. Dkt. 486, 5.

28 U.S.C. § 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" Such certification must indicate that the motion contains either "newly discovered evidence" that clearly and convincingly exonerates an incarcerated person or a "new rule of constitutional law." 28 U.S.C. § 2255(h)(1)-(2). Section 2244 indicates that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Petitioner correctly asserts that not every habeas petition that follows another is automatically deemed "second or successive" for the purposes of Sections 2244 and 2255. Dkt. Nos. 475, 12; *see Panetti v. Quarterman*, 551 U.S. 930, 945 (2007). However, as discussed below, Petitioner's Later-Filed § 2255 Motion does not fit into any exception to the general rule against later-filed § 2255 motions. Petitioner cites authorities wherein a later-filed habeas petition was deemed not "second or successive" due to narrow exceptions to the bar against such motions. *Id.* Accordingly, the Court will review such exceptions in turn.

The first exception is set forth in *Panetti v. Quarterman*, 551 U.S. at 945. In *Panetti*, the Supreme Court of the United States held that Section 2244 did not govern "a [Section] 2254 application raising a *Ford*-based incompetency claim filed as soon as that claim is ripe." *Id.* A *Ford*-based incompetency claim raises the Eighth Amendment's prohibition against a state carrying out a death sentence on a prisoner who is found to be insane. *Panetti*, 551, U.S. at 934 (citing *Ford v. Wainwright*, 477 U.S. 399, 409-10 (1986)). *Panetti*'s holding provided a narrow, contextual exception for *Ford*-based incompetency claims that may not have existed at the time of

an initial habeas petition. *Id.* at 947. The Supreme Court reasoned that to hold otherwise would either force prisoners to raise a *Ford* claim before that claim had merit or forgo their ability to raise that claim when incompetency issues arose. *Id.* at 947. In this case, Petitioner's Later-Filed § 2255 Motion does not raise a *Ford*-based incompetency claim. Therefore, Petitioner's reliance on *Panetti* is misplaced.

The Fourth Circuit has developed another exception to the bar against second or successive motions with *In re Williams*, 444 F.3d 233, 236-37 (4th Cir. 2006). In *Williams*, a petitioner's later-filed habeas petition was deemed not "second or successive" because his initial petition sought to effectuate his right to appeal in the state courts. *Id.* at 234-5, 7. In ruling on his initial petition, the district court ordered the petition be granted *unless* the state supreme court permitted the petitioner to appeal. *Id.* at 234-235. The state supreme court then allowed the petitioner to appeal his conviction in state court, and upon being denied his sought-after relief, petitioner again filed a habeas petition. *Id.*

In light of this unique procedural posture, the Fourth Circuit in *Williams* held that when a prisoner uses a habeas petition to regain a right to appeal, "the counter of collateral attacks pursued is reset to zero," irrespective of whether "the prisoner raises more than the appeal claim in his first habeas petition." *Id.* at 235 (citing *In re Goddard*, 170 F.3d 435, 438 (4th Cir. 1999) (internal quotations omitted)). Thus, *Williams* establishes a rule providing an exception to the bar against second or successive habeas petitions where the initial petition regained a right to appeal. *Id.* at 235-36. In the case at bar, Petitioner's First-Filed § 2255 Motion claiming ineffective assistance of counsel was adjudicated and denied. Dkt. 461. He sought an appeal of that decision with the Fourth Circuit and was denied. Dkt. 471. Petitioner did not use his First-Filed § 2255 Motion to obtain an appeal, and therefore, Petitioner's reliance on *Williams* is also misplaced.

6

The Fourth Circuit in *United States v. Hairston* provides a third exception to the general bar and is also readily distinguishable from the case at hand. 754 F.3d 258, 259 (4th Cir. 2014). In *Hairston*, the petitioner unsuccessfully sought habeas relief, and eight years later, the originating state court vacated one of Hairston's convictions. *Id.* at 259-60. Petitioner then filed another habeas petition seeking resentencing due to the vacatur of one of his convictions. *Id.* In *Hairston*, the Fourth Circuit held that

> a numerically second § 2255 motion should not be considered second or successive pursuant to § 2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated.

*Id.* at 262. Here, Petitioner is not seeking a resentencing due to a change in his conviction, rather, he is seeking to "vacate, set aside or correct his conviction and sentence" based on new evidence. Dkt. 475, 1. Thus, Petitioner's reliance on *Hairston* is also misplaced.

It is critical in the analysis that in all of the above cases where a later-filed habeas petition was not deemed successive and therefore successful, the "facts relied on" did not exist when the first habeas petition was filed. *Panetti*, 551 U.S. at 941-42 (mental incompetency developed after initial petition); *Hairston*, 754 F.3d at 259-60 (state court vacatur of one of Petitioner's conviction after initial petition); *Williams*, 444 F.3d at 234-35 (a state court appeal that was obtained with the initial petition). Petitioner asserts that his present motion similarly relies on new facts. Dkt. 475, 13. Specifically, Petitioner argues that his Later-Filed § 2255 Motion "relies on new facts pertaining to the Saudi government's cover-up of the Khashoggi murder." *Id.* However, the facts Petitioner provides are merely evidentiary concerns over the reliability of Saudi authorities during his investigation and prosecution. *Id.* ("The murder and its cover-up—which, as described below, give rise to claims that [Petitioner's] conviction was obtained only as a result of fraud on the Court[.]"). The relevant fact at issue is the veracity of the Saudi authority's statements to

7

prosecutors.  No matter whether true or false, this fact certainly existed—or did not exist—when the numerically first motion was filed and adjudicated.

The reliability of the information provided by the Saudi authorities was litigated at several points throughout the course of trial and afterward.  Dkt. 480, Ex. A; *Abu Ali*, 528 F.3d at 231-34; *United States v. Abu Ali*, 395 F. Supp.2d 338, 373 (E.D. Va. 2005); *Abu Ali v. United States*, Case Nos. 1:05-cr-00053-GBL, 2013 U.S. Dist. LEXIS 154682 at *11-14 (E.D. Va. Oct. 28, 2013). Here, nearly fourteen years after his conviction, Petitioner seeks to relitigate the same issue based on the highly publicized yet unrelated activities of Saudi authorities.  Dkt. 475, 14-18; U.N. Investigation.  As the Supreme Court noted in *Panetti*, "[i]n the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's second or successive bar."  551 U.S. at 947 (internal quotes omitted); *see also Hicks v. Clarke*, No. 14-cv-405, 2016 U.S. Dist. LEXIS 137558, at *25-*26 (E.D. Va. 2016) ("Because [petitioner] does not bring newly developed facts, but instead raises newly discovered evidence . . . he must now seek permission from the Fourth Circuit to bring a petition[.]").

For the reasons stated above, this Court denies Petitioner's Motion.

### B. Certificate of Appealability

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right" and the certificate "shall indicate which specific issue or issues satisfy" this showing.  28 U.S.C. § 2253(c)(2)-(c)(3).  The Supreme Court of the United States has held that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

      Petitioner essentially offers the previously adjudicated question arising out of the denial of his Later-Filed § 2255 Motion.  Dkt. 486, 7-9.  Petitioner asserts that a later-filed § 2255 motion may not necessarily be "second or successive" for the purposes of § 2255 or § 2244 when such a motion is based on evidentiary facts pertaining to the reliability of certain evidence.  *Id.*  Given the analysis of this question as stated in this disposition, this Court denies Petitioner's request for a certificate of appealability.

## III. CONCLUSION

      For the foregoing reasons, this Court denies Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e).  Thus, it is hereby ORDERED that Petitioner's Motion (Dkt. 465) is DENIED.

      To appeal this decision, movant must file, within (60) days of the date of this Order, a written Notice of Appeal with the Clerk of this Court.  A written Notice of Appeal is a short statement stating a desire to appeal this Order and noting the date of the Order that he wants to appeal.  Movant need not explain the grounds for appeal unless directed by the Court.  Failure to file a timely Notice of Appeal waives movant's right to appeal this decision.

      Movant must also request and obtain a certificate of appealability from a circuit justice or judge.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  This Court expressly declines to grant such certificate of appealability for the same reasons stated in this Order.

      The Clerk is directed to forward copies of this order to counsel of record and to the movant.

      It is SO ORDERED.

Alexandria, Virginia
March __, 2020

/s/

Rossie D. Alston, Jr.
United States District Judge